IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KHALILAH AN-NURA SABREEN, | : | |
| Petitioner, | : : : | |
| v. | : : | Civil Action No. 22-843-CFC |
| CULLEN TALTON, Houston County Sheriff, | : : : | |
| Respondent. | : : | |

## **MEMORANDUM**

Presently pending before the Court is Petitioner Khalilah An-Nura Sabreen's Petition for Emergency Writ of Habeas Corpus. (D.I. 1) Petitioner appears to be in custody at the Houston County Jail in Georgia. She contends that she is being unlawfully detained because "no criminal action in the State of Georgia has been commenced against her," and no "competent fact witness [has filed an affidavit/complaint] alleging the necessary and essential facts sufficient to constitute the elements of a crime" or sufficient to "invoke a lawful court's jurisdiction in the first instance." (D.I. 1 at 1-2) According to Petitioner, the Court can review the instant proceeding because it has original jurisdiction over corporations that were incorporated in the State of Delaware, and Respondent is a "Corporation for Profit" directly linked to corporations that were incorporated in Delaware. (D.I. 1 at 1-2) Petitioner asks the Court to order her immediate release from prison. (D.I. 1 at 3)

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is

not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254.  A district court can entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that she is in custody in violation of the Constitution or laws or treaties of the United States," and only if the relief sought is either immediate release or speedier release.  28 U.S.C. § 2254(a); *see Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), *overruled on other grounds by Heck v. Humphrey*, 512 U.S. 477, 482 (1994)).

The Court lacks jurisdiction over the instant proceeding, because Petitioner is not in custody in the State of Delaware, she does not challenge a sentence or conviction imposed by the State of Delaware, and she does not challenge a sentence or conviction imposed by this Court.  Since Petitioner is in custody in Georgia and challenges either her pre-trial custody or her custody following a conviction rendered by a George state court, the courts with jurisdiction over the instant proceeding are in Georgia.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 442 (2004) (state prisoner challenging the constitutionality of his custody that is the result of a state court judgment of conviction, or his present physical confinement that is not the result of a state court conviction must file the petition in a judicial district which can achieve *in personam* jurisdiction over the petitioner's warden or custodian); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) ("The writ . . . does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") Accordingly, the Court will summarily dismiss the instant Petition, and will not issue a

certificate of appealability.  See 28 U.S.C. § 2253(c )(2); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

A separate Order follows.

Dated:  July 7 , 2022

Colm F. Connolly
Chief Judge